UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAMION HARRIS,<br><br>　　　　Defendant. | CR. NO. 2:08-0554 WBS<br><br>ORDER RE: MOTION FOR JUDICIAL <u>RECOMMENDATION</u> |

----oo0oo----

　　　　The court is in receipt of defendant Damion Harris' Motion for a judicial recommendation that he serve the final twelve months of his sentence in a halfway house. (Def.'s Mot. (Docket No. 104).) In response to the court's Order (Docket No. 107) directing the United States Attorney to respond to the motion, the government has filed a Response (Docket No. 110) in which it states that it "declines to take a position on the request" because defendant "is no longer within the custody of the Attorney General; he has been committed to the Bureau [of Prison]'s custody." The last time the court checked, however,

1

the Bureau of Prisons was still a part of the Department of Justice presided over by the Attorney General.

It is not clear whether the court has authority to make the recommendation defendant requests. See United States v. Ceballos, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (noting in dictum that district courts may make "non-binding recommendations to the Bureau of Prisons"); but see id. at 854 (noting that district courts do "not have inherent power to resentence defendants at any time"). Even assuming the court has such authority, defendant's prison disciplinary record calls into question the propriety of such a recommendation here. (See Docket No. 109 at 2.)

For those reasons the court declines to express a recommendation and defers to the Bureau of Prison's determination with respect to whether a halfway house placement is proper in defendant's case.

IT IS SO ORDERED.

Dated: June 29, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE