UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAMION LAMONT HARRIS,<br><br>Defendant. | CR. NO. 2:08-554-01 WBS<br><br>ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |

----oo0oo----

Before the court is defendant Damion Lamont Harris' Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Docket No. 118.)

On April 4, 2011, defendant pled guilty pursuant to a plea agreement to one count of possession with intent to distribute at least five grams of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1).[1]

---

[1] Defendant initially pled guilty to Counts 1 and 4 of the Indictment on September 13, 2010, but he was allowed to

1

(Plea Agreement (Docket Nos. 81, 82.)) In the plea agreement, the parties agreed to a 188-month sentence. The parties also agreed to the Factual Basis attached to the plea agreement, which stated, among other things, that defendant possessed 32.5 grams of crack cocaine for the purpose of selling it to others. (Plea Agreement Ex. A.)

Based on a presentence report prepared by the United States Probation Office, the court found defendant to be a career offender on account of his prior convictions, with a total offense level of 31 and criminal history category of VI, with a corresponding Guidelines range of 188 to 235 months. (See Judgment (Docket No. 85); Statement of Reasons; Presentence Report ¶ 61.) The court sentenced defendant to 188 months in prison and 48 months of supervised release. (Judgment at 2-3.)

The government argues, and the court agrees, that defendant's request for a sentence reduction must be denied because his sentence was determined based on his status as a career offender under U.S.S.G. § 4B1.1, which Amendment 782 does not affect. See United States v. Charles, 749 F.3d 767, 770 (9th Cir. 2014) ("[R]etroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders . . . ."); United States v. Romero, 675 F. App'x 777 (9th Cir. 2017) (denying motion to reduce sentence pursuant to section 3582(c)(2) and Amendment 782 because defendant was sentenced as a career offender under U.S.S.G. § 4B1.1). Indeed, defendant concedes that he was sentenced as a

---

withdraw that plea and then plead guilty to Count 1 only on April 4, 2011, pursuant to a new plea agreement.

career offender, and that "the Ninth Circuit has held that defendants are ineligible for a § 3582(c)(2) reduction based on a retroactive amendment to the drug guideline where they were sentenced as career offenders because the amendment would have no effect on the guideline range that was based on the career offender guideline." (See Am. Mot. 4 (citing United States v. Waters, 771 F.3d 679, 680 (9th Cir. 2014); Charles, 749 F.3d 767

IT IS THEREFORE ORDERED that defendant's Amended Motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 118), be, and the same hereby is, DENIED.

Dated: March 23, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE