UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAMION LAMONT HARRIS,<br><br>    Defendant. | NO. 2:08-cr-554 WBS<br><br>ORDER |

----oo0oo----

Before the court is defendant Damion Lamont Harris's Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2). (Docket No. 125.) Defendant seeks a reduction of his sentence under Amendment 782 to the United States Sentencing Guidelines. In 2018, the court denied a similar § 3582 motion filed by defendant, holding that because he was sentenced as a career offender under U.S.S.G. § 4B1.1, which Amendment 782 does not affect, he was not eligible for a sentence reduction under that amendment. (Docket No. 121.)

Subsequent to the denial of that motion, the court accepted the parties' stipulation to a reduction of sentence pursuant to Section 404 of the First Step Act of 2018. (Docket Nos. 123, 124.) The First Step Act retroactively applies reduced statutory penalties for crack cocaine offenses in the Fair Sentencing Act of 2010 to certain offenses if they were committed before August 3, 2010. See, e.g., United States v. Glover, 377 F. Supp. 3d 1346, 1351-52 (S.D. Fla. 2019). Pursuant to the agreement of the parties, the court found that defendant's amended Guidelines sentence range was 151 to 188 months, and the court reduced his sentence to 151 months, on the low end of the Guidelines range.[1]

Defendant now argues that the First Step Act somehow makes him eligible for an additional sentence reduction under Amendment 782. This argument has no merit. The court's reduction of defendant's sentence under the First Step Act was based on Congress's reduction of statutory penalties for crack cocaine offenses. However, defendant was sentenced as a career offender, and as discussed in the court's prior order, Amendment 782 does not apply to career offenders. See United States v. Charles, 749 F.3d 767, 770 (9th Cir. 2014) ("[R]etroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders because . . . the two sentencing schemes are mutually exclusive."); United States v. Romero, 675 F. App'x 777 (9th Cir. 2017)

---

[1] Defendant's original Guidelines range was 188 to 235 months, and he was sentenced to 188 months. (See Judgment (Docket No. 85); Statement of Reasons.)

(denying motion to reduce sentence pursuant to section 3582(c)(2) and Amendment 782 because defendant was sentenced as a career offender under U.S.S.G. § 4B1.1)). The First Step Act, and the reduction of defendant's sentence under that Act, did not strip defendant of his status as a career offender. Accordingly, defendant remains ineligible for a sentencing reduction under Amendment 782 and the court will deny defendant's motion.

IT IS THEREFORE ORDERED that defendant's Amended Motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 125), be, and the same hereby is, DENIED.

Dated: November 25, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE